CHEVRON U.S.A., INC.

v.

Clarence AGUILLARD et al.

Winnie Olinde AGUILLARD et al.

v.

CHEVRON U.S.A., INC. et al.

Joseph Dava ANDRE, Jr. et al.

v.

CHEVRON U.S.A., INC. et al.

Civ. A. Nos. 80–183–A, 80–205–A
and 80–225–A.

United States District Court,
M. D. Louisiana.

Sept. 10, 1980.

Robert T. Jorden, Kenneth E. Gordon, Jr., Liskow & Lewis, Lafayette, La., William R. Pitts, Liskow & Lewis, New Orleans, La., John C. Christian, M. Taylor Darden, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for plaintiffs in No. 80–183–A and defendants in Nos. 80–205–A and 80–225–A.

David M. Ellison, Jr., Ellison & Smith, Baton Rouge, La., for defendants in No. 80–183–A.

William S. Strain, Gordon, Arata & McCollam, New Orleans, La., Francis A. Smith, Jr., Kearney, Smith & Chustz, New Roads, La., for defendants in No. 80–205–A.

William S. Strain, New Orleans, La., for defendants in No. 80–225–A.

## MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

For the second time in this litigation, the Court is called upon to determine the status of Odessa Natural Corporation ("Odessa"). In an opinion dated June 18, 1980, in Civil Action 80–183–A, the Court held that Odessa is not an indispensable person within the meaning of Rule 19, Fed.R.Civ.P., regarding the subject matter of that action. Now we must decide whether the joinder of Odessa as a defendant in the other two actions was "fraudulent" and for the purpose of preventing federal jurisdiction.

### The Facts

Briefly, Chevron U.S.A., Inc. ("Chevron"), obtained mineral leases during 1975 upon property in Pointe Coupee Parish, Louisiana, owned by the landowners who are the defendants in one action and plaintiffs in the other two. Also parties to the litigation are assignees of the landowners and holders of top leases, all of whom will be referred to as "landowners." The problem arises because some of the top leaseholders are Texas residents for diversity jurisdiction purposes and Odessa is also a Texas resident. Thus, if Odessa is properly joined as a party, there is not complete diversity of citizenship between all plaintiffs and all defendants, and this Court has no jurisdiction under 28 U.S.C. §§ 1332 and 1441.

All of Chevron's leases have five–year primary terms, and all expire in the period from March through May, 1980, unless before that time Chevron commences "operations for the drilling of a well on the land, or on acreage pooled therewith . . . in search of oil, gas or other minerals." As detailed in the prior opinion, Chevron entered a "farm–out" agreement with Odessa in January 1980 under which Odessa is granted the right to obtain an interest in the leases if it drills a producing well at an agreed–upon location and depth, and complies with the other provisions of the agreement. Odessa, under the farm–out agreement, has undertaken certain activities at a well site upon the "Clarence Aguillard Lease" and has executed a "Declaration of Pooling" as referred to in the leases. The issue to be resolved upon the merits of these cases is whether Odessa's actions are sufficient under Louisiana law to constitute a good faith attempt to drill a producing well and thus keep the leases in effect.

The lessee, Chevron, chose the federal system for resolution of the controversy and instituted Civil Action Number 80–183–A in this Court against all of the landowners (including assignees and top lessees). At about the same time that Chevron was suing the landowners in federal court, the landowners filed two suits against Chevron *and Odessa* in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, Louisiana, thus choosing the state courts as the forum to resolve these Louisiana issues.

Chevron (not Odessa) promptly removed the state actions to this Court, and the landowners have now moved to remand upon the basis of Odessa's citizenship.

All three actions have been consolidated for trial; plaintiffs in the removal actions and defendants in Chevron's action are identical, and the identical mineral leases are involved. Since the Court has already concluded in Civil Action Number 80–183–A that Odessa is not indispensable under Rule 19, that finding is the "law of the case." In

so holding, we necessarily determined that Odessa, under the farm–out agreement, has acquired no present interest in the mineral leases and that it has no contractual relationship with the landowners.

### Contentions of the Parties

The landowners, recognizing the Court's prior ruling, argue first that while Odessa may not be indispensable in this action, it is certainly "a necessary" or proper party. The landowners have instituted suits for a declaratory judgment that the Chevron leases have expired, requesting an order cancelling the leases and a judgment for attorneys' fees, as well as "for any and all other legal and/or equitable relief which this Honorable Court may deem appropriate." The landowners argue that Odessa's rights or claims will be affected by the litigation and that it ought to be a party to the litigation. Second, the landowners claim that their state court actions include not only a claim for cancellation of the leases and attorneys' fees but also a claim for trespass. They further argue that since Odessa is the actual trespasser, it is a proper party.

Chevron claims that Odessa was "fraudulently" joined and that under the jurisprudence its presence in the suits may be ignored for federal diversity jurisdiction purposes. Chevron also claims that in any event the landowners' claims against it for cancellation of the leases and for attorneys' fees, under Louisiana law, can be brought only against Chevron, not Odessa, and that in any event the landowners' claim against Chevron is a "separate and independent" claim under 28 U.S.C. § 1441(c) and is separately removable to federal court.

### Discussion

The resolution of the question of whether to remand these cases is crucial to the litigation since it will determine whether the matter is decided in state or federal court. In this instance, the question is extremely narrow and highly technical since it involves an analysis of the petitions filed by the landowners in the state court.

■ Fraudulent joinder is a harsh–sounding term which in the removal jurisprudence simply requires an analysis of whether the plaintiff has stated a cause of action under state law. In this case the issue is whether the landowners have stated a cause of action under Louisiana law against Odessa. The test for determining whether a party has been improperly[1] joined is set forth in the Fifth Circuit case of *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172 (5th Cir. 1968), as:

> ". . . whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." (391 F.2d at 177)

The landowners argue that the actions of Chevron and Odessa are so intimately woven together that it is impossible to decide the ultimate issue unless Odessa remains a party to the actions. Their petitions allege that Chevron is the lessee and record owner of the mineral leases; that Odessa has been granted, by Chevron, "the contractual right to earn an interest" by drilling a producing well; that Odessa made application to the Commissioner of Conservation for the creation of drilling units; that Odessa began some work on the Clarence Aguillard property; that Odessa is neither an assignee nor sublessee within the meaning of the Louisiana Mineral Code; that the leases have expired; and that after the expiration of the primary term and the termination of the lease, employees of Odessa "resumed some work on the formerly leased premises, which work Plaintiffs expressly allege was in no event sufficient to constitute 'continuous operations for the drilling of a well' within the meaning of the Chevron Lease." (See paragraph XVI of Civil Action 80–

---

**1.** I prefer that term to "fraudulently" since the joinder is not fraudulent. It is not only proper procedure but sound tactics for a plaintiff to join a resident defendant in order to defeat federal jurisdiction and to maintain his choice of forum in the state courts.

205–A.) Both petitions are essentially the same except that in Civil Action 80–225–A the allegations are that Odessa's activities took place upon the "Clarence Aguillard Lease," and it is clear that Odessa has not physically entered the land owned by the landowners in that suit.

As noted above, the Court has already held that there is no contractual relationship between Odessa and the landowners. Under these circumstances, the landowners could not and did not assert any contractual claim against Odessa in state court. Accordingly, we must determine whether the landowners have "arguably" asserted a claim against Odessa under any other theory which might be accepted by Louisiana's courts.

The landowners strenuously argue that paragraph XVI of the petition in Civil Action 80–205–A sets forth a claim against Odessa for trespass and that they are entitled to maintain that claim despite the fact that no money damages for trespass are prayed for. They argue that the catch–all phrase of their prayer entitles them to such relief and they also argue that Rule 8(f) of the Federal Rules of Civil Procedure demands that "all pleadings shall be so construed as to do substantial justice."

■ Initially, it is apparent that the plaintiffs in Civil Action 80–225–A have not asserted a trespass claim against Odessa since there is no allegation that Odessa entered property owned by any of them; on the contrary, the petition affirmatively alleges that Odessa's activities took place upon the "Clarence Aguillard Lease." For that reason, the petition does not state a claim in tort against Odessa and Odessa is improperly joined and that suit was properly removed to this Court.

We must turn to Louisiana law to determine whether the landowners have "arguably" a trespass cause of action against Odessa in Civil Action 80–205–A, predicated upon paragraph XVI quoted above.

■ Louisiana's courts have defined a "trespasser" as one who enters the premises without the consent of the landowner or

without a legal right to do so. *General Accident Fire and Life Assurance Corp. v. Humble Oil and Refining Co.*, 243 So.2d 865 (La.App. 1st Cir. 1971); *Williams v. J. B. Levert Land Co.*, 162 So.2d 53 (La.App. 1st Cir. 1964), writ refused, 162 So.2d 574. It is axiomatic that every illegal entry onto the land of another gives rise to an action for trespass. *Patin v. Stockstill*, 315 So.2d 868 (La.App. 1st Cir. 1975).

■ Our task here is to determine whether a Louisiana court would sustain an exception of no cause of action, if filed on behalf of Odessa. Louisiana's courts have held that it is essential that a petition for trespass allege that the entry upon the land was without permission of the record owner. It, of course, is not necessary to use the magic words "trespass" or "unlawful" or any such terminology, but the absence of permission is an essential allegation. In *Sick v. Bendix–United Geophysical Corp.*, 341 So.2d 1308 (La.App. 1st Cir. 1976), this is illustrated. There, plaintiffs filed a trespass action. They were the real owners of mineral leases upon the property at the time the trespass took place, but their assignments had not been placed of record at that time. The Court sustained an exception of no cause of action, holding that the plaintiffs must allege not simply that the defendants entered the property but that they entered the property without the permission of the record owners.

Here, plaintiffs have simply alleged that:
". . . [A]fter the expiration of the primary term of and the termination of the Chevron Lease, several employees and/or agents and/or contractors of Odessa resumed some work on the formerly Leased Premises, which work Plaintiffs expressly allege was in no event sufficient to constitute 'continuous operations for the drilling of a well' within the meaning of the Chevron Lease."

■ It is clear that the plaintiffs have not alleged that Odessa entered the property without the permission of the landowners, nor can it reasonably be inferred from the allegations that they are making a claim against Odessa for trespass. Surely,

if the leases have in fact and in law terminated and if Odessa did not have permission to enter the property, then plaintiffs have a claim for trespass. That claim, however, is not asserted in that petition.

The farm—out agreement provides that Chevron grants Odessa permission to go upon the property and, of course, the lease grants such permission to Chevron. The Aguillard lease (a copy of which is attached to the petition) also provides that the lessee may go upon the property even after termination of the lease to remove material and equipment. Thus, Odessa's, mere presence on the property does not infer a lack of permission. A fair reading of the petition is that plaintiffs are claiming that Odessa's efforts upon the property were not sufficient to constitute a good faith attempt to drill a well and thus extend the term of the lease, and not that Odessa trespassed.

██ It is well settled that removability is dependent upon the allegations of the pleadings actually filed by the plaintiff and not by what he could have alleged. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61 (10th Cir. 1957), cert. denied, 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262. It is also well settled that the right to remove a civil action upon the basis of diversity jurisdiction cannot be defeated by the improper joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

The Court, therefore, concludes that Odessa has no real connection with the actual controversy between Chevron and these landowners. Under those circumstances, Odessa was improperly joined in both suits and the motions to remand are hereby DENIED.

In both actions, Odessa has filed a motion to dismiss. The Court does not reach those motions and will, in accordance with the jurisprudence, simply ignore Odessa's presence in the litigation.