KLEES, Judge.
This suit arose out of an on-the job accident. Plaintiff, a mail clerk for the Delta Queen Steamboat Company, injured her back while lifting a heavy box that her supervisor had ordered her to pick up. Plaintiff sued her employer and its insurer for workmen’s compensation benefits, and also sued her supervisor and other named employees alleging that her injuries were the result of intentional acts on their part; in addition, she claimed that she had been discriminated against in violation of civil rights laws.
After defendants filed an exception of no cause of action, plaintiff amended and supplemented her original petition to further particularize the allegations relating to in *593 tentional torts and discrimination. On April 18, 1986, the trial court heard the exception as to the original petition and dismissed all counts of that petition dealing with intentional torts and civil rights violations. The defendants then filed a similar exception to the amended petition. On May 29, 1986, after hearing the exception, the trial court also dismissed the amended petition for failure to state a cause of action. Plaintiff has appealed both judgments of dismissal to this court.
After reviewing the record, we find that the plaintiff has successfully stated a cause of action in intentional tort against the defendants, and that the trial court erred in dismissing her petitions in this regard.
Upon reviewing the trial court’s maintaining of an exception of no cause of action, our inquiry must be whether, as a matter of law, plaintiff is entitled to the relief she seeks if she can prove all of the facts alleged in her petitions. State v. Audubon Park Commission, 320 So.2d 291 (La.App. 4th Cir.1975); Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984). With regard to intentional torts, the Supreme Court held in the landmark case of Bazley v. Tortovich, 397 So.2d 475 (La.1981), that the requisite “intent” is present if the person who acts either (1) consciously desires the physical result of his act, or (2) knows that the result is substantially certain to follow from his conduct.
In the instant case, plaintiff’s original petition alleged, in pertinent part: “that [plaintiff’s supervisor] intentionally ordered and commanded the plaintiff to pick up and carry a box too heavy for her as part of his harassment of her,” that plaintiff’s supervisor “sadistically refused” to seek the medical help requested by plaintiff after she was injured; and that another employee “suddenly and without warning, jumped on [the boards or crates where plaintiff was lying in pain] ... so as to aggravate, intensify and/or increase [plaintiff’s] pain and suffering.” See Plaintiffs Petition, paragraphs XXI, XXIX, and XXXIII. In her amended petition, plaintiff added the allegation that “all of the defendants consciously desired the physical or mental results of their acts as described herein or that they knew or should have known that the said results were substantially certain to follow from their conduct.” See First Supplemental and Amended Petition, paragraphs XXVI(A), XXXI(A), XXXIII(A).
In Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984), the Supreme Court held that in order for an employee to establish a cause of action against his employer or fellow employees in intentional tort, the “intent” element of the act in question may be pled generally. Basing its decision on Code of Civil Procedure article 856, which provides that “... malice, intent, knowledge, or other condition of mind of a person may be alleged generally”, the Court held that a cause of action was established by the employee’s allegation that his superiors knew to a substantial certainty that their acts in violation of safety regulations would cause an explosion which injured the plaintiff. Following Mayer, we held in Goodman v. Dixie Mach. Welding and Metal Works, Inc., 467 So.2d 61 (La.App. 4th Cir.1985), that plaintiff’s allegations that his employer negligently and intentionally exposed him to hazardous materials that allegedly caused his illness, stated a cause of action in intentional tort.
Based on these recent decisions, we reverse the decision of the trial court and hold that the plaintiff has sufficiently stated a cause of action in intentional tort against the defendants. The law provides that intent may be pled generally and need not be particularized. La.Code Civ.Pro. art. 856; Mayer, supra. If the plaintiff can successfully prove that these defendants consciously desired to harm her or knew to a substantial certainty that she would be harmed as a result of their actions, as she has alleged, she should be entitled to relief as a matter of law.
Although we reverse the trial court’s decision with regard to counts 2, 3, and 4 of plaintiff’s original petition and the related portions of the amended petition, we affirm the court’s dismissal of counts 5 and 6 for failure to state a cause of action. Plaintiff *594 has not alleged any facts sufficient to establish a cause of action either for defendant’s refusal to rehire her (Count 5) or for discrimination against her in violation of state or federal civil rights laws (Count 6).
Accordingly, for the reasons stated, we affirm in part and reverse in part the trial court’s judgments dismissing plaintiff's petitions, and remand the case to the trial court for action consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.