**Gary BANKSTON**

v.

**BASF CORPORATION, et al.**

**Civ. A. No. 93–330–A.**

United States District Court,
M.D. Louisiana.

Aug. 13, 1993.

---

**1240**

Paul Philip Breaux, Jr., Breaux & Hornstein, St. Gabriel, LA, John A. Sivinski, Michael V. Kelley, Michael A. Iacobelli, Jr., Cleveland, OH, for plaintiffs.

Gary A. Bezet, Barrye Kay Panepinto, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for defendant BASF Corp.

Frederick Scott Kaiser, Steven J. Levine, Patricia H. Wilton, Phelps, Dunbar, Marks, Claverie & Sims, Baton Rouge, LA, for defendant Nat. Maintenance Corp.

Nathan L. Schrantz, James P. Sutterfield, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, LA, for defendant John Zink Co.

## RULING ON MOTIONS

JOHN V. PARKER, Chief Judge.

This matter is before the court upon several motions filed by different parties. The basis for federal jurisdiction of this action is diversity of citizenship. Since the court may not act upon the other motions if it lacks subject matter jurisdiction, we turn first to the motion which challenges that jurisdiction.

### Motion to Remand

This action was commenced in the Twenty-third Judicial District Court for the Parish of Ascension, Louisiana, by plaintiff against defendants, BASF Corporation (erroneously referred to in the petition as BASF Wyandot), National Maintenance Corporation and John Zink Company. On April 19, 1993, BASF removed the action to this court, with the consent of Zink, alleging that BASF and Zink are diverse in citizenship with plaintiff, that National Maintenance Corporation is not diverse but that National Maintenance had been "fraudulently joined" as a defendant in order to defeat federal jurisdiction. Plaintiff has moved to remand the matter to state court, asserting that he does state a claim against National Maintenance under state law and that, therefore, there is no federal subject matter jurisdiction.

According to the allegations of the very poorly drafted state court petition, plaintiff was employed by National Maintenance, a Louisiana corporation, under contract with BASF to perform certain work at the BASF plant. The petition alleges that plaintiff was replacing a pressure valve when a malfunction occurred which caused "toxic chemicals" to be released into the atmosphere which injured plaintiff. Plaintiff asserts various tort claims against "the defendants." BASF argues that because National Maintenance is alleged to be plaintiff's employer, plaintiff is limited by state law to a workers' compensation claim against it. Plaintiff responds by asserting that he alleges an "intentional tort" claim under LSA–R.S. 23:1132 against National Maintenance. That statute does provide for tort liability of the employer for injury "resulting from an intentional act." Id.

It is well settled under federal law that in order to establish "fraudulent joinder" the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant or that there has been outright fraud in plaintiff's pleading of the jurisdictional facts. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Accord-

ingly, we measure plaintiff's state court petition against that standard.

The intentional act exception to the Louisiana Workers' Compensation Law has been very narrowly construed by Louisiana's courts. *Bazley v. Tortorich,* 397 So.2d 475 (La.1981) (The exception means either that the defendant consciously desired to bring about the physical result of his act or believed that the result was substantially certain to follow from his conduct); *Hood v. South Louisiana Medical Center,* 517 So.2d 469 (La.App. 1st Cir.1987) (requires more than a reasonable probability that an injury will occur; "certain" means "inevitable" or "incapable of failing."). Merely using the term "intentional tort" many times over is not sufficient to allege such a claim. See, *Kent v. Jomac Products, Inc.,* 542 So.2d 99 (La.App. 1st Cir.1989). Louisiana follows a system of fact pleading which requires that plaintiff must state in the petition facts which support each claim made. See *Pierre v. American–International Travel, Inc.,* 717 F.Supp. 435 (M.D.La.1989). The "facts" in this petition as to an intentional act are nonexistent. The plaintiff generally alleges that his work required him to be in close proximity to toxic chemicals and specifically alleges:

13. The Defendants knew that *if an accident occurred,* such as the one that did, Mr. Bankston would be exposed to many chemicals and substances, since neither he nor the work area were adequately protected.

22. Mr. Bankston alleges that the Defendants' conduct constitutes an *intentional tort* in that the Defendants knew that it was certain that Mr. Bankston would be exposed to harmful chemicals and substances by not providing a safe work place. (emphasis supplied)

■ Similar allegations are sprinkled throughout the state court petition but none add any more factual substance. Where the plaintiff himself alleges that his injuries were caused by an accident, as plaintiff does in paragraph 13, quoted above, such an allegation is totally inconsistent with the notion of an intentional act. An "accident," by definition, is unplanned and unexpected; "an event

or condition occurring by chance or arising from unknown or remote causes." Webster's Third New International Dictionary, (1976). Knowledge by an employer that it utilizes hazardous chemicals and that there is a potential in the work place for accidental discharge of those products does not constitute an "intentional act" under Louisiana law. See *Waldrop v. Vistron Corp.,* 391 So.2d 1274 (La.App. 1st Cir.1980); *Courtney v. BASF Wyandotte Corp.,* 385 So.2d 391 (La.App. 1st Cir.1980), writ refused, 386 So.2d 359 (1980). See also, *Simoneaux v. E.I. Du Pont de Nemours & Co.,* 483 So.2d 908 (La.1986).

It is quite clear that plaintiff has not alleged an intentional tort against his employer, National Maintenance, in this state court petition.

As this court noted in *Chevron USA, Inc. v. Aguillard,* 496 F.Supp. 1038, 1042 (M.D.La.1980):

It is well settled that removability is dependent upon the allegations of the pleadings actually filed by the plaintiff and not by what he could have alleged. (citation omitted) It is also well settled that the right to remove a civil action upon the basis of diversity jurisdiction cannot be defeated by the improper joinder of a resident defendant having no real connection with the controversy. (citation omitted)

Accordingly, the motion to remand is hereby DENIED.

**Motion for Summary Judgment**

■ The non-diverse defendant, National Maintenance, has filed a motion for summary judgment predicated upon the same failure to allege facts showing intentional act as is discussed above. The presence of National Maintenance in this action would mean that all plaintiffs and all defendants are not diverse in citizenship as required by 28 U.S.C. § 1332 and would therefore destroy federal jurisdiction. In other words, the court may not assert jurisdiction over National Maintenance and has no authority to allow it to make an appearance in the action by filing such a motion. The court also lacks authority to act upon the motion. In accordance with established precedent, National American, having been fraudulently joined as a

defendant, will simply be ignored. *Chevron USA, Inc. v. Aguillard,* 496 F.Supp. 1038, 1042 (M.D.La.1980). In view of this ruling, plaintiff's motion for an extension of time to file an opposition to the motion for summary judgment becomes moot.

### Motions Filed on Behalf of the John Zink Company

The John Zink Company has filed two motions: first a motion to dismiss under Rule 12(b), Fed.R.Civ.P., and second, a motion to strike the opposition filed by plaintiff to that motion.

The motion to strike urges that the opposition was untimely under local rules and should be stricken.

Rule 2.07M of the Uniform Federal District Court Local Rules requires that responses to motions be filed "within twenty (20) days after service of the motion." Zink's motion to strike points out that plaintiff's opposition to the motion to dismiss was not filed until more than fifty (50) days following service of the motion to dismiss on plaintiff. The record discloses that no request for an extension or enlargement of time to file such a response was presented to the court.

The Local Rules of this court are not empty phrases, slogans or platitudes. The court expects lawyers to read, understand and follow those Rules. The court also enforces those Rules. Accordingly, plaintiff's opposition to the motion to dismiss filed herein on June 21, 1993 is hereby stricken as untimely.

Defendant Zink moves to dismiss plaintiff's claims against it because the state court petition fails to state a claim upon which relief may be granted.

This motion is predicated upon the argument that the petition nowhere alleges any tortious or other conduct on the part of Zink which could render it liable to the plaintiff for anything. Again, the court applies the Louisiana system of fact pleading to determine whether a claim is set out against Zink under Louisiana law. The court has already commented upon the poorly drafted petition filed on behalf of Mr. Bankston. Paragraph "1." of the state court petition reads as follows:

Named as Defendants are:

a. BASF Wyandot; (sic)

b. National Maintenance Corporation; and

c. John Zink Company

No further mention is made of Zink anywhere in the petition. As noted earlier, the petition does identify Mr. Bankston as an employee of National Maintenance and does identify National Maintenance as a contractor working "at the BASF Wyandot (sic) plant" (petition, paragraph 4.), but nowhere does it identify Zink Company or allege any conduct by it causing harm to the plaintiff. Admittedly, the vague petition employs the term "the defendants" throughout the allegations but there are no facts which link Zink to the BASF plant, to National Maintenance or to the plaintiff in any fashion. We are not told who Zink is or what it may have done or not done which caused harm to plaintiff.

Accordingly, since the complaint fails to state a claim against the Zink Company upon which relief may be granted, the motion to dismiss is hereby GRANTED and the action will be dismissed as to that defendant.