Yvonne Ross **MITCHELL,**
Alvin E. **Mitchell**

v.

**EXXON CORPORATION, Exxon Company USA, Tommy Bryson, Mike Harris, Pam Moore, Bruce Curr, Mark Sechler, Doug Harrison.**

Civ. A. No. 94–406–A.

United States District Court,
M.D. Louisiana.

Aug. 8, 1994.

---

Dennis Alan Pennington, Steven P. Monaghan, Baton Rouge, LA, for plaintiffs.

Charles S. McCowan, Jr., Vance A. Gibbs, Belinda B. LeBlanc, Glenn M. Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, L.L.P., Baton Rouge, LA, John R. Schupp, William B. Matthews, Jr., Michelle T. Morris, Exxon Corp., New Orleans, LA, for defendants.

## RULING ON MOTION FOR REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by plaintiffs for remand. The motion is opposed. There is no need for oral argument. Removal jurisdiction is allegedly based upon diversity of citizenship.

On March 31, 1994, plaintiffs, Yvonne and Alvin Mitchell, filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana. Plaintiffs seek to recover damages for personal injuries allegedly sustained by Mrs. Mitchell on April 1, 1993, in a fire and explosion that occurred while she was working for Exxon Corporation. Made defendants are Exxon and six of its employees, Mark Sechler, Tommy Bryson, Pam Moore, Mike Harrison, Bruce Kerr and Doug Harris.

The plaintiffs allege that "an accident" occurred while Mrs. Mitchell "was in the process of transferring fuel material and/or feed from one tank to another" at Exxon's east coker unit. The accident allegedly occurred because "[t]he wrong valve was allowed to open, causing the material and/or unit feed to ignite and explode." As a direct result of "the accident," she allegedly sustained significant injuries, including third degree burns over twenty percent of her body.

On April 25, 1994, Exxon removed the matter to this court alleging that its employees had been "fraudulently joined" in order to defeat federal diversity jurisdiction. Exxon contends that plaintiff has no possible basis for recovering from the individual defendants in view of the exclusive liability provisions of the Louisiana Worker's Compensation Statutes, La.R.S. 23:1021, et seq. It is established that defendant, Exxon (a New Jersey corporation with its principal place of business in Texas), is diverse in citizenship from plaintiffs and that the amount in controversy exceeds $50,000.

The issue to be determined by the court in this fraudulent joinder claim is whether there is any possibility that plaintiff would be able to establish a cause of action against her co-employees under the "intentional act" exception to the Louisiana Worker's Compensation Law. La.R.S. 23:1032B. The removing party bears the burden of demonstrating fraudulent joinder and the court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981). The court may additionally consider affidavits submitted in connection with a motion to remand; however, any disputed issues of fact must be resolved in favor of plaintiff. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

In support of the motion to remand, plaintiffs contend that they have sufficiently alleged intentional conduct by the co-employees to show that the injury was substantially certain to follow.[1] According to plaintiffs,

---

1. It is well established that the plaintiff may show either that the co-employee consciously desired the consequences of his act or that he knew the result was certain or substantially certain to

they have alleged that the conditions and standards for safety at the east coker unit were so seriously deficient that there was a virtual certainty that the "accident" would occur.

As noted above, the plaintiffs allege that Mrs. Mitchell's injuries were caused accidentally. Paragraph three of the state court petition alleges:

"Said **accident** occurred when the plaintiff, Yvonne Ross Mitchell, was involved in the process of transferring fuel material and/or unit feed from one tank to another. The wrong valve was allowed to open, causing the material and/or unit feed to ignite and explode. As a direct result of the **accident,** Yvonne Ross Mitchell suffered significant injuries including third degree burns over twenty percent (20%) of her body." (Emphasis supplied.)

Having thus alleged that her injuries were accidental, plaintiffs add a paragraph four alleging that the individual defendants (except Doug Harris) "are guilty of intentional acts and intentional torts in the following respects:" Thence follows a litany of conclusory, nonspecific wrongs allegedly committed by "the defendant," ranging from, "Failure to provide a functioning alarm and/or enunciator system that would have prevented this **accident,**" (emphasis supplied) to "The intentional failure to employ reasonably safe radio procedures."

In paragraph five of the petition, plaintiffs allege that defendant, Doug Harris, "intentionally utilized dangerous radio procedures and delivered radio transmissions in such a fashion" that Mrs. Mitchell's injuries were a "virtual certainty."

Plaintiffs contend that these allegations taken together, are sufficient to state a cause

of action in intentional tort against each of the co-employees under the Louisiana jurisprudence, citing *Mayer v. Valentine Sugars, Inc.,* 444 So.2d 618 (La.1984).

In opposition, defendant contends that plaintiffs must set forth specific facts to support the conclusion that Mrs. Mitchell's injuries were substantially certain to follow. Defendant cites this court's decision in *Bankston v. BASF Corp.,* 827 F.Supp. 1239 (M.D.La.1993), which did not discuss *Mayer v. Valentine Sugars, Inc., supra.* Since this is a diversity case, an *Erie* bound federal court must look to the law of the state.

In the *Valentine Sugars* case, the Louisiana Supreme Court held, based upon the peculiar wording of article 856[2] of the Louisiana Code of Civil Procedure, that the plaintiff stated a cause of action in intentional tort against his employer by alleging that the employer's officers knew "to a substantial certainty" that their acts in violation of safety regulations would cause an explosion which injured the plaintiff. The Court found that article 856 is an exception to Louisiana's fact based pleading rules which permits a plaintiff to plead the intent element of an intentional tort cause of action generally and without particularity. The Court reasoned that article 856 converted the nonspecific allegation of "intentional act" into a "well pleaded allegation of fact." Applying Louisiana's rigid procedural rule[3] that determination of a peremptory exception of no cause of action must be decided upon the face of the papers where "well pleaded facts" must be accepted as true, the petition survived an exception of no cause of action.[4]

In subsequent Louisiana cases, a procedure has evolved in "intentional tort" cases

---

follow from his conduct. *Bazley v. Tortorich,* 397 So.2d 475 (La.1981).

2. "... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." Art. 856, La.C.Civ.P.

3. As the Court explained the rule:

"The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the

issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true." 444 So.2d at 620 (citations omitted.)

4. Justice Watson pointed out in dissent that under the allegations of the petition, "... the courts are urged to believe that the defendants **intended** to blow up the plant"—a "patently absurd" conclusion. *Mayer v. Valentine Sugars, Inc.,* 444 So.2d 618, 621 (La.1984). The allegations and affidavit of plaintiffs in this case are quite similar to those in *Valentine Sugars.*

where the employer's (or co-worker's) exception of no cause of action is denied based on conclusory "well pleaded facts," followed by grant of the defendant's motion for summary judgment where plaintiff cannot produce a factual basis to support the generalized intent allegations of the petition. See *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.,* 483 So.2d 908 (La.1986). See also, *Hillery v. Hartford Acc. and Indem. Co.,* 503 So.2d 592 (La.App. 4 Cir.1987); *Bradshaw v. Anco Insulation, Inc.,* 450 So.2d 733 (La. App. 5 Cir.1984).

▪ Relying upon the *Valentine Sugars* line of cases, plaintiffs assert that this court must apply the same standard on the motion to remand as would a Louisiana court on an exception of no cause of action. Since a Louisiana court would accept the generalized allegations of "intentional act" as sufficient to deny a defendant's exception of no cause of action, plaintiffs argue that this court must grant remand.

The court disagrees.

▪ We do not here consider a state exception of no cause of action. Federal procedure has no pleading which is precisely like that Louisiana pleading. We here consider a motion to remand—a pleading which has no Louisiana counterpart. The issue is not, as plaintiffs argue, whether the "well pleaded facts" of the petition state a cause of action under Louisiana law but whether Exxon has demonstrated that there is no actual possibility that plaintiffs can obtain judgment against the nondiverse defendants. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). A federal district court in resolving fraudulent joinder claims is not, as plaintiffs urge, handcuffed by the "well pleaded allegations" of the state court petition. On the contrary, a federal court may pierce the pleadings in resolution of such claims. *Keating v. Shell Chemical Co.,* 610 F.2d 328 (5th Cir.1980). While district courts may not pretry the merits in determining removal jurisdiction, it has long been settled that the district courts may employ a summary judgment type process for resolving fraudulent joinder issues. See *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). Although this court is bound by Louisiana sub-stantive law in resolving the question of possibility of recovery, we apply federal procedure. Under federal procedure, we may probe and pierce the allegations of the petition even though a Louisiana court might be bound by such pleadings. As the court made plain in *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98 (5th Cir.) *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990):

> "In short, this circuit treats fraudulent joinder claims as capable of summary determination. When determining fraudulent joinder, the district court may look to the facts as established by summary judgment evidence as well as the controlling state law. Hence, the trial court properly considered affidavits and depositions in ruling on the plaintiffs' motion to remand ..." 893 F.2d at 100.

Accordingly, this federal court may consider summary judgment type affidavits and deposition transcripts as well as the "factual" allegations of the state court petition for the purpose of testing the "well pleaded allegations of fact."

▪ In this regard, Exxon submits affidavits from its six employees denying any knowledge of "unreasonably dangerous" conditions at the coker unit and denying intent to cause the fire or to injure plaintiff. Each employee indicates that he would not intentionally allow an unreasonably dangerous condition to exist because that would be putting himself at risk. Additionally, Doug Harris denies intentionally using "dangerous radio procedures" or transmissions. According to his affidavit, when Harris "realized from Yvonne's communication that she may have been confused as to which drums she was to be transferring feed," Harris "immediately corrected her and reminded her of the correct pair of drums between which the feed was to be transferred."

In reply, Mrs. Mitchell submits her own affidavit purportedly based upon "reliable information and belief." Plaintiff indicates that Exxon was cited in January, 1994, for numerous OSHA violations in connection with "federal work safety standards in the east coker unit." These violations purportedly involved the lack of inspection and test-

ing procedures for existing pipe, emergency shut down switches which failed to operate, and the unit alarm which did not go off. She further indicates that defendants, Harrison, Moore, Sechler and Bryson, "intentionally failed and refused to repair the alarm system for more than one year and actually elected not to repair or replace the system." According to her affidavit, defendants, Moore and Sechler, "made the decision to operate the coker unit without a functioning alarm system." Plaintiff further explains that "[h]ad the system been repaired, affiant would have been notified that an explosion was going to occur" and that without the warning system the injuries sustained by plaintiff were substantially certain to follow.

Defendant contends that plaintiff's affidavit is "wholly inadmissible" because it fails to show that it is based upon personal knowledge. The Federal Rules of Civil Procedure clearly require affidavits to affirmatively establish that the affiant is competent to testify to the matters stated therein. Fed.Rule Civ.P. 56(e). The court agrees with defendant that plaintiff's affidavit does not conform with the rules and should therefore be disregarded. Moreover, from the affidavit of Herbert E. O'Niell, submitted by Exxon in response to plaintiff's affidavit, it is clear that the OSHA violations referred to by Mrs. Mitchell relate to a fire occurring on August 2, 1993, several months after the explosion involved in this action.

In short, the court finds that plaintiffs have no facts to support their intentional tort theory of recovery against these nondiverse defendants. Plaintiffs' conclusory allegations which might get them past an exception of no cause of action in a Louisiana court, would not survive summary judgment in state court, *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908 (La.1986) and are insufficient here to allow a fact finder to infer that any of the employees knew or was substantially certain that the fire and explosion would happen. Construing all disputed issues of established fact in their favor, plaintiffs have shown at most negligence. The court finds that plaintiffs have no possibility of recovery under their intentional tort theory. Thus, Exxon has established that

these defendants were fraudulently joined. In accordance with established federal precedent, they will simply be ignored. *Chevron U.S.A. v. Aguillard*, 496 F.Supp. 1038, 1042 (M.D.La.1980).

Accordingly, the motion by plaintiffs to remand is hereby DENIED.