**Stephen E. JEWELL**

v.

**DUDLEY L. MOORE INSURANCE, INC., et al.**

**Civ. A. No. 94–839–A.**

United States District Court, M.D. Louisiana.

Jan. 18, 1995.

John Wayne Jewell, Jewell & Jewell, New Roads, LA, Donald J. Cazayoux, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, Neil Davis Sweeney, Baton Rouge, LA, for plaintiff.

Douglas K. Williams, Breazeale, Sachse & Wilson, Baton Rouge, LA, for Dudley Moore Ins., Inc.; Windsor Ins. Company; Penn Central Corp.; Michael D. Krause; John W. Mullen; Anthony L. Campo; Pamela S. Meyers.

Luis Arturo Leitzelar, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, LA, for Windsor Ins. Co.

## RULING ON APPEAL

JOHN V. PARKER, Chief Judge.

This matter is before the court on an appeal taken by plaintiff and a cross appeal taken by defendant, Windsor Group, Inc., from the ruling of the magistrate judge dated December 22, 1994. The matter has been submitted on briefs; it involves issues of subject matter jurisdiction and "fraudulent joinder" of parties.

The first issue raised on appeal by plaintiff is whether the magistrate judge erred by failing to quash plaintiff's deposition as noticed by Dudley L. Moore Insurance, a named defendant in the state court petition who is not diverse in citizenship with plaintiff. This matter was removed from state court by all the other named defendants (all of whom *are* diverse in citizenship with plaintiff) on the ground that Dudley L. Moore Insurance was "fraudulently joined" as a defendant to prevent removal based on diversity of citizenship.

Plaintiff has filed a motion to remand which challenges the "fraudulent joinder" allegations of the notice of removal. The hearing on the motion to remand was continued on joint motion of the parties in order for discovery to be conducted on the claims of fraudulent joinder. Doc. no. 46. The motion for remand is presently scheduled for oral argument on February 3, 1995.

■■■ Plaintiff persuasively argues that he cannot be compelled by this court to submit to a deposition by a non-diverse "party". It is a fundamental principle that federal courts are courts of limited jurisdiction, empowered to hear such cases and controversies as defined by the Constitution and by statute. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir.1981). The rule of "complete diversity" established by the Supreme Court in *Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), requires that all defendants be diverse from the plaintiff in order for jurisdiction to be based upon the diversity statute, now 28 U.S.C. § 1332.

■■■ However, when a plaintiff joins a citizen of the same state as himself as a defendant without a bona fide claim against him, federal courts have long protected the removal rights of diverse defendants. *Wecker v. National Enameling & Stamping Co.,* 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907). When there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse party, this has come to be referred to as "fraudulent joinder". *B., Inc.,* supra. It is well established that the fraudulent joinder of a non-diverse defendant will not prevent removal of the action from state court. *Id.* Here, defendants themselves have alleged that Moore

Insurance was fraudulently joined in that there is no actual possibility that plaintiff may recover from it.

■ With these fundamental principles in mind, there can be no doubt that this federal court lacks the power to act upon any substantive motion submitted by a non-diverse party in a diversity case or to exercise subject matter jurisdiction over that party in any fashion. If the non-diverse party *has not* been fraudulently joined, the court must remand the case. If the non-diverse party *has* been fraudulently joined, the proper procedure is to simply ignore his presence; he is no longer considered a party defendant. *Bankston v. BASF Corp.*, 827 F.Supp. 1239 (M.D.La.1993). In neither event will the federal court exercise jurisdiction as to the non-diverse party by motion or otherwise, for to do so would deprive the court of subject matter jurisdiction.

■ Any action taken by the court on a motion by a non-diverse party in a diversity case would inevitably be an action taken without subject matter jurisdiction. In the case at hand, the non-diverse "party" filed a notice of deposition rather than a motion. A party to a lawsuit may generally take the deposition testimony of "any person, including a party" without leave of court pursuant to Fed.R.Civ.P. 30.

■ However, once a matter is removed to federal court on the basis of fraudulent joinder, the non-diverse "party" is no longer a party at interest. Unless and until the matter is remanded to state court, he has no more interest in the proceedings than any non-party witness. Because the non-diverse party has no real interest in the proceedings in federal court, he lacks standing to participate in these proceedings and to invoke the rules of this court. While the plaintiff may depose "any person", including a non-diverse party under the federal rules, the non-diverse party, like an ordinary witness, has no reciprocal discovery rights. Thus, the court concludes that the magistrate judge erred by ordering plaintiff to submit to a deposition to be taken under a notice issued by the non-diverse party.

■ Plaintiff further contends that the magistrate judge erred in ruling that the individual defendants did not have to respond to written interrogatories (attached to defendants' motion for protective order). In his ruling, the magistrate judge found that the discovery requests directed to the individual defendants were largely duplicative of those directed to the non-diverse party, Moore Insurance, relating to the issue of fraudulent joinder. The magistrate judge denied the request for protective order by Moore Insurance on the basis that the interrogatories were reasonably calculated to lead to the production of information relating to the fraudulent joinder issue. As noted, this court lacks subject matter jurisdiction if the non-diverse party is properly joined. Hence, the magistrate judge should not have entertained or acted upon any motion or other pleading filed on behalf of Moore Insurance; neither should the court allow other parties to serve pleadings upon the non-diverse "non-party".

■ While the magistrate judge correctly determined that plaintiff is entitled to conduct discovery on the fraudulent joinder issue, he erred in protecting the removing defendants rather than the non-diverse party from answering the interrogatories. Under Fed.Rule Civ.P. 33, plaintiff may serve interrogatories upon "any party". As noted above, Moore Insurance can no longer be considered a "party" on removal. Therefore, the ruling granting a protective order in favor of the individual defendants will be reversed and the ruling denying the motion of Moore Insurance will be VACATED AND SET ASIDE for lack of subject matter jurisdiction.

Defendant, Windsor Group, appeals the magistrate judge's order denying its request for a protective order on the basis that it has since made an appearance and that plaintiff's discovery requests relating to personal jurisdiction are now moot. This is obviously a new development that should be brought to the attention of the magistrate judge, **if and when this might become necessary,** rather than argued for the first time on appeal.

Windsor Group additionally argues that it should not have to respond to the discovery

request relating to personal jurisdiction in view of this court's ruling staying all proceedings (including discovery outside of the fraudulent joinder issue) pending resolution of the motion to remand. In other words, Windsor Group appears to be seeking a judicial declaration of what should be obvious from the court's orders in the record rather than challenging a decision of the magistrate judge. The court finds that the appeal by Windsor Group is superfluous and will be dismissed as improperly taken.

Accordingly, the appeal taken by plaintiff is hereby GRANTED and the rulings of the magistrate judge denying plaintiff's motion to quash and granting protective orders to defendants, Krause, Mullen and Meyers, are hereby REVERSED; the motion for protective order by Dudley L. Moore Insurance is hereby VACATED AND SET ASIDE. The appeal taken by Windsor Group is hereby DISMISSED.