**Cynthia MCLIN, et al.**

v.

**H & H LURE CO., et al.**

**No. CIV.A. 99–347–B–M1.**

United States District Court,
M.D. Louisiana.

June 2, 2000.

**342**

Harold Dean Lucius, Jr., Miller, Lucius & Hampton, Baton Rouge, LA, for Cynthia Mclin, Charles Mclin, Jr., plaintiffs.

Jeffrey John Warrens, Egan, Johnson & Stiltner, Baton Rouge, LA, Bradley Charles Myers, Glenn Michael Farnet, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, LA, for defendants.

### ORDER

POLOZOLA, Chief Judge.

The defendants removed this diversity case alleging that Cynthia Mclin's employ-er was fraudulently joined to defeat the Court's diversity jurisdiction under 28 U.S.C. § 1332. Because the Court finds that the defendant William O. Humphrey's, Inc. (Humphrey's) was fraudulently joined, the Court has subject matter jurisdiction to hear this case. Accordingly, the defendant Humphrey's motion to dismiss [1] under Federal Rule of Civil Procedure 12(b)(6) is Granted.

### I. Background

The plaintiffs originally filed this suit in a Louisiana state district court. The petition alleges that Mclin sustained a collapsed lung and other ailments caused by sustained and prolonged exposure to paints while working for one of the defendants as a lure painter. Three defendants, including Mclin's employer, were sued. It is clear that Mclin's employer is a Louisiana Corporation. Thus, complete diversity does not exist between the parties.

The case was timely removed to federal court by the two diverse defendants on the grounds that H & H had been fraudulently joined. Thereafter, Humphrey's, Mclin's actual employer, filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The plaintiffs then amended their petition to add a single sentence allegation that H & H committed an intentional tort. The Court, on its own motion, ordered the plaintiffs to again amend their petition to name the correct parties and set forth the citizenship of each named party. The plaintiffs amended their petition to correctly name Humphrey's as Mclin's employer. Thus, the Court must determine whether Humphrey's was fraudulently joined to defeat

---

1. Rec. Doc. No. 3.

2. Before the Court can rule on the motion to dismiss, the Court must first determine if the Court has subject matter jurisdiction. To determine if the Court has subject matter jurisdiction, the Court must first determine if there was a fraudulent joinder. If the Court finds there was a fraudulent joinder, it is in effect finding that the plaintiffs have no cause of action against the non-diverse defendant. If the Court finds there was no fraudulent joinder, the Court has no subject matter jurisdiction and must remand the suit to state court.

this Court's subject matter jurisdiction.[3]

## II. ANALYSIS

### A. Statement of the Law of Fraudulent Joinder

 The removing party bears the heavy burden of demonstrating that the joinder of a non-diverse party is fraudulent and that the district court has subject matter jurisdiction to hear the suit.[4] Although it is not within the Court's province to attempt to resolve factual disputes regarding matters of substance,[5] the Court is empowered to "pierce the pleadings" to determine whether the plaintiff has a legitimate claim against the non-diverse party under the governing state law.[6] In addition, because claims of fraudulent joinder in the Fifth Circuit are disposed of in a summary judgment-like procedure, the Court is authorized to consider evidence outside the pleadings, such as affidavits and depositions accompanying the notice of removal or the motion to remand.[7] The standard is clear: "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned."[8]

The Court now turns to the issue of whether Humphrey's was fraudulently joined in this case.[9]

### B. Was Humphrey's Fraudulently Joined?

In order to prove fraudulent joinder, the defendants must prove there is no possibility the plaintiffs can recover against Humphrey's in this tort action. The defendants claim Humphrey's, as the plaintiff's employer, is immune from the plaintiffs' tort suit pursuant to the Louisiana Workers' Compensation Act.[10] Louisiana Revised Statutes § 23:1032 provides that workers' compensation benefits are the exclusive remedy of an employee against an employer for injuries arising out of and in the course and scope of his employment. This immunity from tort actions, however, does not apply when the employee's injuries are the result of an intentional act.[11]

It is apparently undisputed that Mclin was an employee working in the course and scope of employment at the Humphrey's facility when the injury occurred. However, the plaintiffs contend that the Louisiana Workers' Compensation Act does not bar this suit against Mclin's employer because Mclin's injury was caused

---

3. The plaintiffs have not filed a motion to remand. However, the Court on its own motion can determine its subject matter jurisdiction.

4. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990); *Collins v. AAA Rent All, Inc.*, 812 F.Supp. 642, 643 (M.D.La.1993).

5. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 n. 14 (5th Cir.1981).

6. *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992).

7. *Carriere*, 893 F.2d at 100; *B., Inc.*, 663 F.2d at 549 n. 9.

8. *Carriere*, 893 F.2d at 100. Stated another way, there is no fraudulent joinder if there is arguably a reasonable basis for predicting that a Louisiana state court might impose liability on the non-diverse defendant under the facts of the case. *Jernigan*, 989 F.2d at 816.

9. This Court has addressed the issue of fraudulent joinder in a number of recent opinions. See e.g. *Hornsby v. AlliedSignal*, 961 F.Supp. 923 (M.D.La.1997); *McCowan v. U.S. Repeating Arms, Co., Inc.*, Number 96–7574 (M.D.La.1997); *Pate v. Adell Compounding, Inc.*, 97–132 (M.D.La.1997).

10. La. R.S. § 23:1032, et seq.

11. La. R.S. § 23:1032(B). See *Charkhian v. Nat'l Environmental Testing, Inc.*, 907 F.Supp. 961 (M.D.La.1995).

by an intentional tort committed by Humphrey's.[12]

Thus, this Court must determine whether there is any possibility that the plaintiffs can recover from Humphrey's for an intentional tort. In Guillory v. Domtar Industries Inc.,[13] the Fifth Circuit noted that "[c]ourts narrowly interpret the intentional act loophole to the workers' compensation system."[14] In Guillory, an employee was injured after being struck on the head by a fork that fell from a forklift. When ruling on a motion for summary judgment, the Court found the employer did not intend to injure the employee and, therefore, the employee was prevented by the exclusivity provisions of workers' compensation law from recovering against the employer in tort. The Guillory court concluded that, even if the falling forks created a "'high probability' of injury, this would not establish 'intent' sufficient to bypass the workers' compensation system."[15] The Fifth Circuit held an employer's knowledge of falling forks by itself cannot establish intent on the part of the employer.[16]

Any discussion of intentional tort in Louisiana must include the Louisiana Supreme Court's decision in Bazley v. Tortorich.[17] In Bazley, the Court declared an act is considered intentional whenever it is shown that the defendant either "consciously desired" the physical result of his conduct or was "substantially certain" that those physical results would follow from his actions.[18] "[T]he substantially certain test is satisfied when an employer consciously subjects an employee to a hazardous or defective work environment where injury to the employee is nearly inevitable—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided."[19]

This Court discussed the precepts of Bazley in Charkhian v. National Environmental Testing, Inc.,[20] a case very similar to the facts in the instant case. In support of a motion to remand in Charkhian, the plaintiff argued the intentional act exception to the Workers' Compensation Act allowed tort recovery against three co-employees who were allegedly fraudulently joined. This Court found the co-employees were fraudulently joined because there was no possibility that the plaintiff could recover against the three co-employees for intentional acts. This Court further noted that the plaintiff in Charkhian did nothing more than allege that the plaintiff's co-employees "committed intentional torts" and failed to introduce any evidence in support of their motion to remand which indicated the co-employees were at least substantially certain the plaintiff would be injured.[21] This Court noted that it is well-established under Louisiana law that the use of the word "intentional" is "not a talisman which automatically raises allega-

12. La. R.S. § 23:1032(B).

13. 95 F.3d 1320 (5th Cir.1996).

14. Guillory, 95 F.3d at 1328 (citing Bridges v. Carl E. Woodward, Inc., 663 So.2d 458 (La. App. 4th Cir.1995), writ denied, 666 So.2d 674 (La.1996)).

15. Guillory, 95 F.3d at 1328 (citing Armstead v. Schwegmann Giant Super Markets, Inc., 618 So.2d 1140, 1142 (La.App. 4th Cir.1993), writ denied, 629 So.2d 347 (La.1993)). The Fifth Circuit went on to note that in order to "qualify for the very narrow intent exception, Louisiana jurisprudence requires a strong link between the employer's conduct and the employee's injury." (citing Williams v. Gervais F. Favrot Co., 573 So.2d 533, 541 (La.

App. 4th Cir.), writ denied, 576 So.2d 49 (La. 1991)). The Guillory Court found the parties in that case failed to provide this link in the summary judgment evidence.

16. Guillory, 95 F.3d at 1327.

17. 397 So.2d 475 (La.1981).

18. Bazley, 397 So.2d at 481.

19. Guillory, 95 F.3d at 1327 (citing Kent v. Jomac Products, Inc., 542 So.2d 99, 100 (La. App. 1st Cir.1989)).

20. 907 F.Supp. 961 (M.D.La.1995).

21. Charkhian, 907 F.Supp. at 965.

tions of negligence to the level of intentional tort."[22]

In an earlier opinion, *Carriere v. Sears, Roebuck and Co.*,[23] the Fifth Circuit set forth factors to be considered to determine whether a co-employee was fraudulently joined to defeat federal jurisdiction. The plaintiffs in *Carriere* were the survivors of a security guard who was killed while investigating suspicious activity on the employer's loading dock. The plaintiffs argued the non-diverse employee defendant committed an intentional act by failing to accompany the security supervisor to the loading dock. The plaintiffs produced an affidavit of the non-diverse employee defendant in support of their intentional tort claim. The affidavit indicated that, after the tragic murder, the non-diverse defendant "wished" he had accompanied the deceased to the docks to assist him. The plaintiffs contended this evidence proved a possibility of recovery against the non-diverse defendant for an intentional tort. The Fifth Circuit found this was not enough to allow a fact finder to infer the non-diverse defendant knew or was substantially certain that harm would befall the deceased. Even viewing the facts most favorably to the plaintiffs, the *Carriere* Court ruled the plaintiffs could not possibly recover from the non-diverse defendant, and, therefore, the non-diverse defendant was fraudulently joined.

Before the Court can resolve the fraudulent joinder issue in the instant case, it is necessary for the Court to examine the original state court petition, and any evidence submitted with the pending 12(b)(6) motion to dismiss, regarding the intentional tort claim against Humphrey's. Louisiana follows a system of fact pleading that requires the plaintiff to set forth facts in his petition that support each claim made.[24] In resolving fraudulent joinder claims, however, a federal district court "is not handcuffed by the 'well pleaded allegations' of the state court petition."[25] The appropriate procedure to be used by the federal court in assessing a fraudulent joinder claim is similar to that used for ruling on a motion for summary judgment.[26] A federal district court is empowered to consider summary judgment-type affidavits or depositions as well as the factual allegations of the state court petition to determine whether the non-removing party has a legitimate claim against the non-diverse party under the applicable law.

The Mclins' amended petition states:

> Plaintiffs contend that the acts of Defendant H & H Lure Company [now correctly identified as Humphrey's] amount to an intentional tort or action in that [Humphrey's] knew full well that plaintiffs [sic] injuries were substantially certain to follow her working over a period of time with toxic chemicals in an unventilated area without proper protective equipment.

The plaintiffs submitted no other evidence in support of their allegation. The Court is not bound by this conclusory allegation.[27] The plaintiffs have failed to point to any specific facts or offer any other evidence which even hints of any specific facts which support their intentional tort claim against Humphrey's.

■ Following the standards set forth by the Fifth Circuit in *Carriere*, the Court

---

**22.** *Charkhian*, 907 F.Supp. at 965 (citing *Keating v. Shell Chem. Co.*, 610 F.2d 328, 332 (5th Cir.1980)).

**23.** 893 F.2d 98 (5th Cir.1990), *cert denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

**24.** *Mitchell v. Exxon Corp.*, 860 F.Supp. 332 (M.D.La.1994).

**25.** *Mitchell*, 860 F.Supp. at 335.

**26.** *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n. 9 (5th Cir.1981)).

**27.** *Bourque v. Nan Ya Plastics Corp.*, 906 F.Supp. 348 (M.D.La.1995).

concludes that Mclins' allegations and evidence in the instant matter are insufficient to allow a fact finder to infer that Humphrey's knew or was substantially certain that Cynthia Mclin would be injured.[28] Viewing the facts most favorable to the plaintiffs, the Court finds an employer's knowledge of a work place risk to an employee does not in and of itself constitute "intent" under the intentional act exclusion.[29] Therefore, the Court finds there is no reasonable basis for predicting that a Louisiana state court might impose liability on Humphrey's based on an intentional tort theory.[30] Similar results have been reached in several analogous cases decided in the Middle District.[31] Because the intentional tort exception of the Louisiana Workers' Compensation Act bars the Mclins from recovering against Humphrey's in tort, the Court holds there is no possibility of recovery against Humphrey's under the facts of this case. Thus, the Court finds that Humphrey's was fraudulently joined as a defendant herein.

## III. Conclusion

For reasons assigned, the Court finds there is no possibility that the Mclins would be able to recover under an intentional tort theory against Humphrey's.[32] Therefore, the Court holds that Humphrey's was fraudulently joined to defeat diversity jurisdiction. Since, the remaining parties in this matter are completely diverse under 28 U.S.C. § 1332, the Court finds it has subject matter jurisdiction over the remaining issues herein pursuant to 28 U.S.C. § 1332.

Because the plaintiffs are precluded from suing Humphrey's in tort under the facts of this case, Humphrey's "Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted" is Granted.

**THEREFORE**

---

**28.** 893 F.2d 98, 101 (5th Cir.1990). *See also, Mitchell,* 860 F.Supp. at 336.

**29.** *Bourque,* 906 F.Supp. at 352 (citing *Tapia v. Schwegmann Giant Supermarkets, Inc.,* 590 So.2d 806 (La.App. 4th Cir.1991)); *Bankston v. BASF Corp.,* 827 F.Supp. 1239, 1240 (citing *Waldrop v. Vistron Corp.,* 391 So.2d 1274 (La. App. 1st Cir.1980)); *Courtney v. BASF Wyandotte Corp.,* 385 So.2d 391 (La.App. 1st Cir.), *writ denied,* 386 So.2d 359 (1980). In *Bourque,* Judge Parker found "[k]nowledge by an employer that it utilizes hazardous chemicals and that there is a potential in the work place for accidental discharge of those products does not constitute an 'intentional act' under Louisiana law."

**30.** *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 816 (5th Cir.), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). See generally, the second opinion in the case of *Mitchell v. Exxon Corp.,* 907 F.Supp. 198 (M.D.La.1995). In this opinion, the Court discussed the trend of lawyers who attempt to avoid statutory tort immunity in industrial accidents. In *Mitchell,* the plaintiffs argued that Exxon Corp. intentionally blew up its east coker unit at Exxon's Baton Rouge refinery. This proposition, the Court said, is "reductio ad absurdum."

**31.** *Bourque v. Nan Ya Plastics Corp.,* 906 F.Supp. 348 (M.D.La.1995) (holding that a worker who was injured when his hand was caught in a plastic press and burned by molten polyvinyl chloride could not establish a cause of action against a non-diverse defendant under the intentional act exception to workers' compensation exclusivity, and, therefore, the non-diverse defendants co-workers were fraudulently joined); *Mitchell v. Exxon,* 860 F.Supp. 332 (M.D.La.1994) (holding employee who suffered damages as a result of fire and explosion that occurred on the job could not establish a cause of action against non-diverse co-employee defendants under the intentional act exceptions to the workers' compensation exclusivity provision, and, therefore, defendant co-employees were fraudulently joined); *Mitchell v. Exxon Corp.,* 907 F.Supp. 198 (M.D.La.1995) (in the same case on summary judgment, the Court held that the employer did not commit an "intentional act" which would lift the bar of suit under the Louisiana Workers Compensation Act); *Bankston v. BASF,* 827 F.Supp. 1239, (M.D.La.1993) (holding in an employee's action to recover for injury sustained during work against the employer and other defendants did not state an intentional tort claim against contractor).

**32.** *Burden,* 60 F.3d at 217. Of course, Mclin may have a state law claim against her employer under Louisiana's workmen's compensation law.

 

IT IS ORDERED that the defendant Humphrey's motion to dismiss be and is hereby GRANTED.

IT IS SO ORDERED.