272 So.2d 454 (1973)
William H. POGUE, Plaintiff-Appellant,
v.
Louis Mack RAY et al., Defendants-Appellants-Appellee.
No. 11988.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
*455 Charles R. Blaylock, Monroe, for plaintiff-appellant.
Hayes, Harkey, Smith & Cascio by Louis D. Smith, Monroe, for defendant-appellant.
James D. Sparks, Jr., Monroe, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
PRICE, Judge.
William H. Pogue filed this concursus proceeding and deposited $10,533.34 in the registry of the district court. This sum represents the principal and interest due on a promissory note executed by petitioner, William H. Pogue, as partial consideration for a release and compromise agreement entered between Pogue, Louis M. Ray, Pogue Manufacturing and Supply, Inc., Pogue Industries, Inc., Effron Land Corporation, Ace Investments, Ltd., National Stake Corporation and Eagle Industrial Associates, Inc. This release and compromise agreement, dated May 11, 1970, settled five lawsuits which had arisen between the parties.
The promissory note clause of the release and compromise agreement provides:
"WHEREAS, WILLIAM H. POGUE, personally agrees that in return for the releases and discharge by Louis M. Ray and Effron Land Corporation of the rights, claims and causes of action which it asserts in the law suits listed below:

* * *
he agrees to pay LOUIS M. RAY, or his assigns, the sum of FIFTEEN THOUSAND *456 AND NO/100THS ($15,000.00) DOLLARS, said amount to be secured by a mortgage in the amount of FIFTEEN THOUSAND AND NO/100THS ($15,000.00) DOLLARS upon the property described on the attached list marked Exhibit "A", which property is located on Sterlington Road, Monroe, Louisiana, owned by WILLIAM H. POGUE, personally; that the settlement sum of FIFTEEN THOUSAND AND NO/100THS ($15,000.00) DOLLARS is to be represented by One Note, to-wit:
A. "ANY FUTURE HOLDER" Note in the amount of FIFTEEN THOUSAND AND NO/100THS ($15,000.00) DOLLARS, paraphed NE VARIETUR to identify same with the Act of Mortgage, bearing Eight (8%) per cent interest from date until paid; and Ten (10%) per cent attorney fees in the event of default, said Note payable in two installments, to-wit: One installment of FIVE THOUSAND AND NO/100THS ($5,000.00) DOLARS, payable on or before Sixty (60) days after date upon which said Note is executed, and one installment of TEN THOUSAND AND NO/100THS ($10,000.00 DOLLARS, payable on or before Three Hundred (300) days after date upon which said Note is executed."
Pursuant to the release and compromise agreement, on May 28, 1970, William H. Pogue executed the promissory note for $15,000 and delivered it to Louis M. Ray. On July 24, 1970, Pogue paid the first installment of $5,200 (principal and interest). There was a notation on the check that the payment was made under protest due to the nonperformance of Ray of the terms of the release and compromise agreement.
This concursus proceeding was filed on March 24, 1971, shortly before the second installment of the note was due. Cited as defendants were Ray, Effron Land Corporation, Eagle Industrial Associates, Inc., and Pogue Industries, Inc. In his petition, Pogue makes the following allegations:
(1). That of the $5,200 paid on the first installment, $1,000 was paid by Pogue Industries, Inc., and $3,000 was paid by Eagle as per a previous written agreement with Pogue.
(2). That he is liable to Ray for $6,000 and interest thereon as provided by the note but Ray has not performed his part of the compromise agreement to return certain items of property seized in connection with the five lawsuits and that due to this nonperformance by Ray and claims asserted against him (Pogue) by Eagle and Pogue Industries, Inc., he is unable to determine who is entitled to the balance of the sum deposited and is fearful for additional financial exposure should it be determined that either Eagle or Pogue Industries, Inc., should be entitled to a set-off for the amount advanced by them.
On April 13, 1971, Ray filed a motion for summary judgment and a peremptory exception of res judicata. On April 15, 1971, Ray filed a peremptory exception of no cause of action and a peremptory exception of no right of action.
The trial court rendered judgment on March 30, 1972, sustaining the exception of res judicata and dismissing the suit.
On May 4, 1972, Eagle filed an answer to the concursus petition claiming $3,000 from the amount deposited with the registry of the court. In addition, the answer included a claim against Ray for $5,000 as damages for wrongful seizure and detention of their property.
On May 5, 1972, Pogue Industries, Inc., filed an answer to the concursus petition, claiming $1,000 from the court registry and *457 $5,000 from Ray as damages for wrongful seizure.
Prior to these two answers, but subsequent to the judgment, Ray filed a motion for rule to release funds to him. This motion was denied on June 28, 1972, on the grounds that the suit was dismissed by the trial court on March 30, 1972.
Pogue, Eagle and Pogue Industries, Inc., have appealed from the judgment sustaining the exception of res judicata and dismissing the suit. Eagle and Pogue Industries, Inc., contend that the trial court erred in hearing and acting upon Ray's exception when all the defendants were not before the court. Pogue urges this action by the trial court was improper and is prejudicial to him.
After a careful review of the pleadings and attached documents we conclude plaintiff has improperly invoked a concursus proceeding.
Although the record does not show that the trial court considered or ruled on the exception of no cause of action filed by defendants, Ray and Effron Land Corporation, under the provisions of La.C.C.P. Article 927, this court has the authority on its own motion to take notice that the petition and attached documents do not disclose a cause of action. See Campbell v. Scroggins, 191 So.2d 154 (La.App.3d Cir. 1966).
A concursus proceeding is defined by La.C.C.P. Article 4651 as follows:
"Art. 4651. Definition
A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." (Emphasis added.)
In his petition plaintiff requests permission to deposit the sum of money in the registry of the court to determine who is entitled to the balance due of the promissory note on which he is the sole obligor.
There is no allegation that a dispute exists among the several defendants cited as to the ownership of the note. Nor are there allegations of facts in plaintiff's petition which would support a contention that there are competing or conflicting claims to the proceeds of the promissory note. A note is by law payable to the holder at the time of maturity.
The complaints made by plaintiff in his petition relating to a partial nonperformance of the compromise agreement by Ray or Effron in failing to return to Pogue Industries, Inc., or Eagle certain movable property previously under seizure does not give these parties a right to the proceeds of the promissory note involved. If they have any such claims they should proceed by an ordinary action to seek specific performance or damages. Should Pogue personally have any defenses as maker of the note, he may exert these at such time the holder seeks enforcement. We cannot perceive that this result would lead to any multiplicity of actions nor would the plaintiff be exposed to any dual payment of the indebtedness contracted by him.
Although we are aware of the intent of the legislature to make the availability of the concursus proceeding as broad as possible, we do not believe it should be used under the circumstances presented in this case. We therefore hold the plaintiff's petition does not state a cause of action.
Our conclusion herein that plaintiff has improperly attempted to use the concursus procedure make it unnecessary to discuss the correctness of the trial court's action in the exception of res judicata or the complaints of appellants that the trial court improperly ruled on the exception without all parties having been cited.
Since we have ruled plaintiff's petition states no cause of action, the funds *458 deposited in the registry of the court should therefore be returned to him. See Transo Investment Corporation v. Oakley, 37 So.2d 560 (La.App.2d Cir. 1948).
For the foregoing reasons the judgment appealed from is hereby amended to direct the Clerk of Court of the Fourth Judicial District to return the fund deposited to plaintiff, less all costs of these proceedings.
Insofar as the judgment appealed from dismisses the plaintiff's action, it is affirmed.