402 So.2d 249 (1981)
Rodney P. CORTEZ
v.
HOOKER CHEMICAL AND PLASTICS CORPORATION, et al.
No. 10937.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1981.
McCann & Volk, John J. McCann and Herman M. Schroeder by John J. McCann, Trial Atty., Leonard A. Radlauer, New Orleans, for Rodney P. Cortez, plaintiff-appellant.
Constance Charles Willems of McGlinchey, Stafford & Mintz, New Orleans, for Hooker Chemical & Plastics Corp. et al.
Before REDMANN, BOUTALL and CHEHARDY, JJ.
BOUTALL, Judge.
Rodney Cortez sued for personal injuries received while attempting to fight a fire at the Taft plant of the Hooker Chemical and Plastics Corporation. He sued Hooker Chemical and Plastics Corporation and several executive officers and/or supervisory employees, Robert Hall, George Haas, Clyde Hill and Shirley Zeringue. These named defendants are appellees in the appeal before *250 us. There are other defendants in the suit who are not before us.[1]
The accident occurred on September 6, 1977, while plaintiff was employed as a production technician with Hooker. Plaintiff alleges he hurt his back in the following manner:

"IV
"At or about 9:30 A.M. on that date, while petitioner was at work, an explosion occurred where petitioner was working, causing the hydrogen stacks to catch fire. Pursuant to orders, petitioner assisted in securing fire extinguishers to quell the fire, but there were not enough available at the site. Whereupon petitioner was ordered to secure more fire extinguishers. Petitioner and others were brought to a storage area to secure additional fire extinguishers and, in the act of attempting to load such fire extinguishers into a pickup truck to return to the scene of the fire, petitioner sustained the injuries hereinafter described."
Plaintiff alleges the intentional acts of the defendants to be intentionally ordering and accepting deficiently designed, manufactured and installed roofing on the building and accepting and permitting to be used machinery and equipment that was deficiently designed, manufactured and installed. He further alleges that the defendants wilfully and intentionally disregarded the provisions of the Occupational Safety and Health Act, particularly those relating to fire extinguishers and hazardous materials. Finally, plaintiff attacks the constitutionality of LSA-R.S. 23:1032 restricting the right of plaintiff to sue his employer, the executive officers and supervisory employees thereof.
To plaintiff's petition the defendants filed an exception of no right of action and exception of no cause of action, both based upon the exclusionary principle set out in LSA-R.S. 23:1032. The trial court by a judgment of February 20, 1979, overruled and dismissed the exception of no cause of action and at the same time maintained the exception of no right of action, granting 20 days to cure the defects complained of or have the suit dismissed. Plaintiff filed an amended petition, and when the matter came on later for hearing on a number of rules filed in the case, the court found that there had been no compliance with its prior order and dismissed plaintiff's suit against these defendants. In his reasons for judgment the court stated that he should have maintained the exception of no cause of action rather than the exception of no right of action, but concluded, after examination of the amended petition, that the plaintiff had again failed to allege any facts relative to an intentional act as specified in the case of Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La.App.1st Cir. 1978). The court thereupon dismissed plaintiff's petition.
Plaintiff contends on appeal that his suit was improperly dismissed because judgment was based upon the exception of no right of action rather than no cause of action. However, Code of Civil Procedure Article 927 specifically provides that the failure to disclose a cause of action or a right or interest in the plaintiff to institute suit, may be noticed by either the trial or appellate court of its own motion. It appears to us that the court in dismissing the suit recognized this principle and dismissed based upon the exception of no cause of action. Additionally we point out that we have examined the petition and the supplemental petitions, and we are entitled by that same article to notice the exception and act upon it. See for example Morse v. Hartford Casualty Insurance Company, 326 So.2d 390 (La.App. 3rd Cir. 1976); Wells v. St. Tammany Parish School Board, 340 So.2d 1022 (La.App. 1st Cir. 1976); Pogue v. Ray, 272 So.2d 454 (La.App. 2d Cir. 1973). C.C.P. Article 2164 provides that we shall render any judgment which is just, legal and proper upon the record on appeal, and *251 because, for the reasons expressed later, we hold that plaintiff has not stated a cause of action under LSA-R.S. 23:1032, we affirm the dismissal of plaintiff's suit.
The basic issue on this appeal is the application of LSA-R.S. 23:1032 to the facts alleged by the plaintiff employee against his employer and certain officers and supervisory employees thereof. As amended in 1976, that section reads in pertinent part:
"§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer, or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act."
Pending this appeal, the Supreme Court of Louisiana has rendered an opinion in the case of Bazley v. Tortorich, 397 So.2d 475 (La.1981) which reversed a decision of this court in the case of Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980). In that case, the Supreme Court concluded that the words "intentional act" meant the same as "intentional tort" in reference to civil liability. The facts alleged by petitioner in this case do not meet the principles set forth in Bazley and accordingly we must conclude that plaintiff has not alleged a cause of action.
Similarly, we point out that the issue of constitutionality proposed here has been raised and decided in the Bazley case by the Supreme Court. We see no point in discussing that issue in detail, as it suffices to say that we are bound by that decision.
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's suit against the defendants party to this appeal is affirmed.
AFFIRMED.
CHEHARDY, J., concurs.
CHEHARDY, Judge, concurring.
The Supreme Court in Bazley v. Tortorich, 397 So.2d 475, 482 (1981), stated:
"* * * Several courts of appeal have stated the two prongs of the definition in the conjunctive, thus requiring a plaintiff to prove, in order to recover, that the defendant desired the physical results of his act in every case. Waldrop v. Vistron Corp., 391 So.2d 1274 (La.App. 1980); McGuire v. Honeycutt, 387 So.2d 674 (La. App. 3d Cir. 1980); Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La. App. 2d Cir. 1980); Courtney v. BASF Wyandotte Corp., 385 So.2d 391 (La.App. 1st Cir.) writ denied 386 So.2d 359 (La. 1980); Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir. 1979), cert, denied 382 So.2d 164 (La. 1980); Frazier v. Woodward, 378 So.2d 209 (La.App. 4th Cir. 1979); Johnson v. Narcisse, 373 So.2d 207 (La.App. 4th Cir. 1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1st Cir. 1979); Guidry v. Aetna Casualty & Surety Company, 359 So.2d 637 (La.App. 1st Cir.) writ denied, 362 So.2d 578 (La.1978). * * *"
The court then goes on to state:
"* * * Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is *252 treated by the law as if he had in fact desired to produce the result. Restatement (Second) of Torts, § 8A, Comment; Prosser, supra, § 8."
It thus appears that earlier courts of appeal's interpretation of the meaning of "intent" in LSA-R.S. 23:1032 as amended by Act 147 of 1976 has either been overruled by the Supreme Court in Bazley, supra, or at any rate the meaning has been so broadened as to effectively do away with the earlier definition of the courts of appeal. In doing away with the earlier definition unless we include in the definition "should have known that the result would follow" there exists a distinction without a difference. Why? Under the Supreme Court definition in Bazley one must desire the result or know that the consequences are substantially certain to result. It is imperative that a responsibility be placed on the actor, not simply that he knows the result but that he should have known the result of his action. The "should have known" standard is preferable in that it is an objective standard. The desired or known result standard is subjective and thus the distinction without a difference. Accordingly, I interpret the broadened definition of "intentional" as set forth in Bazley to include the objective "should have known" standard. This thinking would be in line with the view expressed in W. Prosser, The Law of Torts, Ch. 2, § 8 (4th ed. 1971), at 31-32:
"Intent, however, is broader than a desire to bring about physical results. It must extend not only to those consequences which are desired, but also to those which the actor believes are substantially certain to follow from what he does. An anarchist who throws a bomb into the royal carriage may actually wish to kill no one but the king; but since he knows that the death of others in the carriage is a necessary and almost inevitable incident to that end, and nevertheless goes ahead with the deed, it must be said that he intends to kill them. The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he had intended it. The driver who whips up his horses with a loud yell while passing a neighbor's team will not be credited when he denies that he intended to cause a runaway; and the defendant on a bicycle who rides down a man in full view on a sidewalk where there is ample room to pass may find the court unwilling to accept his statement that he did not mean to do it."
I concur in the result because the allegations do not satisfy the new definition of "intent" as laid down by Bazley v. Tortorich, supra.
NOTES
[1] Also named in the suit but designated only by letters of the alphabet are certain architects, designers and engineers of the plant and equipment against whom claim is made based upon faulty design, manufacture and maintenance of the building and its equipment.