Ronnie HARDY, et al

v.

Randall DUCOTE, et al.

No. CIV.A. 02–1520.

United States District Court,
W.D. Louisiana.
Alexandria Division.

Jan. 20, 2003.

Jerold Edward Knoll, Knoll Law Firm, Marksville, LA, David S Scalia, Joseph M Bruno, Bruno & Bruno, R Glenn Cater, Samuel O Buckley, III, Jennifer Nell Willis, Cater & Willis, Gary J Gambel, Murphy Rogers & Sloss, New Orleans, LA, for Ronnie Hardy, Ind & on behalf of all others similarly situated, Chad Gauthier, Ind & on behalf of all others similarly situated, plaintiffs.

Kevin O'Bryon, O'Bryon & Schnabel, New Orleans, LA, for Randall Ducote, ind & dba Ducote Wrecking & Demolition Co.

Jan T Van Loon, Brook Van Loon & Latham, David M Latham, Everitt Pratt & Latham, New Orleans, LA, for Mike Ashford.

James B Irwin, David O'Quinn, Brian P Quirk, Irwin Fritchie et al, New Orleans, LA, for Winterthur International America Insurance Co.

## MEMORANDUM RULING

LITTLE, District Judge.

Before this court is plaintiffs Ronnie Hardy and Chad Gauthier's (collectively "plaintiffs") motion to remand this action to the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana, on the belief that this court lacks subject matter jurisdiction. Defendants in this action are: (1) Mike Ashford (2) Randall Ducote and Randall Ducote d/b/a Ducote Wrecking Company ("Ducote"); (3) Winterthur International American Insurance Company ("Winterthur"); and (4) Munich Re Insurance Company ("Munich") (collectively "defendants"). Plaintiff also asks this court to award attorney's fees, costs, and expenses. Defendants urge that we deny the motion and argue that plaintiffs have fraudulently joined non-diverse defendants Ducote and Ashford in order to defeat this court's jurisdiction over the subject matter of this action. For the following reasons, plaintiff's motion to remand is DENIED.

## I. BACKGROUND

On or about 12 June 2002, plaintiffs, on behalf of themselves and all others similarly situated, filed suit in the Twelfth Judicial District Court, Parish of Avoyelles, State of Louisiana. Hardy and Gauthier (both Louisiana citizens) named as defendants Ashford (a Louisiana citizen), Ducote (a Louisiana citizen), Winterthur (a Wisconsin corporation with a principle place of business in New York) and Munich (a German company). In their complaint, plaintiffs allege they were exposed to extremely high levels of lead and other toxic substances while performing work at the recycling plant owned by Exide Technologies, Inc. ("Exide"). Plaintiffs named as defendants Exide's liability insurers, Winterthur

and Munich, under the belief that Exide had since filed for bankruptcy.

On or about 19 July 2002, defendants filed a Notice of Removal alleging that this court has jurisdiction pursuant to 28 U.S.C. § 1332. *See* Doc. No. 3. Defendants argue that the amount in controversy exceeds $75,000 and that the action is between citizens of different states since Ducote and Ashford were fraudulently joined to the action. On or about 16 August 2002, plaintiffs filed the motion to remand that is currently before the court. *See* Doc. No. 7. In that motion, plaintiffs assert that the joinder of Ashford and Ducote are both proper.[1]

## II. ANALYSIS

A. *Statement of the Law of Fraudulent Joinder*

 It is well established that federal courts will not allow parties to defeat removal jurisdiction by fraudulently joining non-diverse defendants. *See Rodriguez v. Sabatino,* 120 F.3d 589, 591 (5th Cir.1997); Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3723, at 625 (3d ed.1998). The removing party bears the heavy burden of demonstrating that the joinder of a non-diverse party is fraudulent, and that the district court has subject matter jurisdiction in order to hear the suit. *See Ford v. Elsbury,* 32 F.3d 931, 935 (5th Cir.1994); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). Normally, it is not within the court's province to attempt to resolve factual disputes regarding matters of substance. *See B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 551 n. 14 (5th Cir.1981). The court, however, is em-

powered to "pierce the pleadings" to determine whether the plaintiff has a legitimate claim against the non-diverse party under the governing state law. *LeJeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir.1992). Furthermore, because claims of fraudulent joinder in the Fifth Circuit are disposed of in a summary judgment-like procedure, the court is authorized to consider evidence outside the pleadings, such as affidavits and depositions accompanying the notice of removal or the motion to remand. *See Carriere v. Sears, Roebuck and Co.,* 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

 The standard for determining fraudulent joinder is clear. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere,* 893 F.2d at 100; *see also, Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999) (holding that to establish whether a plaintiff has fraudulently joined a non-diverse defendant, the other defendants must prove either that there has been actual fraud in the plaintiff's pleadings of jurisdictional facts, or that there is no possibility that the plaintiff will be able to state a claim against the non-diverse defendant in state court).

 A state court complaint on its face may allege a state law claim against a non-diverse defendant, but that alone does not bar removal if the court pierces the plaintiff's pleading and finds that as a matter of law there is no reasonable basis for predicting that the plaintiff could establish

---

1. Plaintiffs also allege two procedural defects to the notice of removal. We found these arguments lacking in merit and unpersuasive

in our analysis of plaintiffs' motion to remand.

liability on that claim against the non-diverse defendant. *See Badon v. RJR Nabisco Inc.,* 224 F.3d 382, 390 (5th Cir.2000). We now turn to the issue of whether plaintiffs have fraudulently joined Ashford and Ducote as defendants in this case.

B. *Did Plaintiff Fraudulently Join Ashford?*

■ Plaintiffs allege that Ashford was the Exide supervisor who was directly responsible for the hazardous conditions, concealing the dangers from the plaintiffs and regulatory agencies, refusing to provide plaintiffs with safety equipment, and for making misrepresentations for defendant's economic gain. *See* Doc. No. 1. Conversely, defendants contend that Ashford acted in ordinary course and scope of his employment, and, thus, cannot be held liable.

The Fifth Circuit provided four criteria for imposing liability on an individual based on his employment. The factors are essentially: (1) the principal or employer owes a duty of care to the third person; (2) the duty is delegated by the principal or employer to the defendant; (3) the defendant has breached this duty through personal fault; and (4) with regard to the personal fault, personal liability cannot be imposed upon the employee simply because of his general administrative responsibility for performance of some function of the employment. *See Ford v. Elsbury,* 32 F.3d 931, 936 (5th Cir.1994)(quotations omitted). We will discuss each factor in turn.

The first factor is not in dispute. Exide owed a duty of care to provide a safe work environment. The second factor turns on whether Exide delegated the duty to Ashford. Plaintiffs allege that Ashford "had a duty to know of the damages and injuries which were certain to result from working without proper safety precautions" and that he "had a duty to inform others of the

hazards." Doc. No. 50. Defendants, however, maintain that Ashford had no such duty regarding worker safety at Exide.

In *Ford,* defendant Elsbury was the plant manager of a fertilizer plant that sustained an explosion. Elsbury stated the plant safety, maintenance, and operations responsibility were delegated to properly trained and qualified supervisors. The Fifth Circuit, in remanding the case to state court, noted that the record did not show who delegated the safety and maintenance matters and did not provide "any details on what efforts were made to assure that due care was used in the delegation of responsibility to these unnamed supervisors." *Ford,* 32 F.3d at 938.

Unlike the defendant in *Ford,* Ashford is not the plant manager. According to his affidavit, Ashford is the maintenance manager at Exide. *See* Doc. No. 26 Ex. 1. Ashford's supervisor, Patrick Roy, stated in his affidavit that Ashford was the Manager of Engineering at Exide. *See* Doc. No. 26 Ex. 2. Roy further stated that Ashford "has no responsibility or supervisory authority ... for making available protective clothing and/or respirators" and that Ashford "has no responsibility or supervisory authority over or within the Safety Department at the Exide facility in Baton Rouge." *Id.* The record fails to show that Exide delegated safety responsibility to Ashford, a critical factor in order to find Ashford personally liable. We conclude that plaintiffs cannot prevail against Ashford personally. Finding otherwise would impose personal liability on Ashford merely because of his general administrative responsibilities. We therefore find plaintiffs fraudulently joined Ashford to this action.

C. *Did Plaintiff Fraudulently Join Ducote?*

The Louisiana Worker's Compensation Act ("the Act") provides that workers com-

pensation is the exclusive remedy of an employee against his employer for an injury or a compensable sickness or disease. *See* La.Rev.Stat. § 23:1032, et seq. Plaintiffs allege the following reasons why Ducote is not immune from liability: (1) plaintiffs worked as independent contractors, not employees; (2) the case law establishes that occupational diseases are presumptively tort claims rather than worker's compensation claims; and (3) Ducote's conduct meets the intentional tort exception to the Act. We will discuss each reason in turn.

### 1. Plaintiffs' status as employees or independent contractors

■ The parties disagree as to whether the plaintiffs were employees of Ducote or independent contractors. Ducote argues that plaintiffs were employees and highlights relevant factors. These factors include: Ducote's right to control the work performed, Ducote's providing of tools and equipment, Ducote's control over the number of hours worked, plaintiffs' at will employment, and plaintiffs' hourly, as opposed to job specific, salary. Alternatively, Ducote argues that even if plaintiffs were independent contractors, they would be statutory employees.

In *Wells v. Freeport–McMoran, Inc.,* this court noted factors that indicate independent contractor status. 715 F.Supp. 155, 157 (W.D.La.1988) (citing *Williams v. Gervais F. Favrot Co.,* 499 So.2d 623, 625 (La.App. 4th Cir.1986)). These factors "include: the contractor's business existing independently of the property owner; existence of a contract specifying performance of the particular job and payment of a fixed price; and the contractor's employment of assistants under his own, rather than the property owner's control, and the use of materials and tools furnished by the contractor." *Id.* This court found "[t]he

most important factor involves the relative degree of control retained by the owner and the contractor over the contractor's conduct and method of performance of the work." *Id.*

Here, Ducote states that Hardy and Gauthier were paid hourly, employed not for a specific job or time period, and used his supplied equipment. *See* Doc. No. 24 Ex. A. Furthermore, Ducote insists that "I had a right to, and exercised, control, direction and supervision of the work performed by Hardy and Gauthier, both personally and through my superintendent." *Id.* Plaintiffs, on the other hand, assert that they were not employees and allege that Ducote failed to make required payroll deductions, withhold FICA and social security, and send W–2 forms. Plaintiffs, however, do not cite any authority demonstrating that such factors are indicia of independent contractor status and do not dispute the factors Ducote highlighted. We therefore find that Hardy and Gauthier were employees of Ducote and proceed with our analysis accordingly.

### 2. Whether occupational diseases are presumptively tort claims

Plaintiffs argue that even if they are found to be employees of Ducote, they are entitled to pursue tort claims based on *O'Regan v. Preferred Enters., Inc.,* 758 So.2d 124 (La.2000). *O'Regan* is distinguishable from the instant case. In *O'Regan,* the employee's disease was not covered by the Act because she could not meet the statutory burden of overwhelming preponderance of evidence for an occupational disease to be compensable. *See id.* at 133. The court stated that "[b]ecause O'Regan's injuries were presumptively excluded from coverage under the Act by LA. REV. STAT. 23:1031.1(D) by presuming that they were non-occupational and not to have been contracted in the

course of and arising out of her employment, and her inability to overcome this presumption by an 'overwhelming preponderance of evidence,' we conclude that she is not precluded from bring [sic] a suit in tort against her employer. Simply stated, the *presumption* throws the employee outside of the act; therefore, the exclusivity provision of LA. REV. STAT. 23:1031.1(H) is not applicable to the employee, and the employee may proceed in tort against her employer." *Id.* at 134.

Following the *O'Regan* decision, the relevant statute has been amended. The burden requirement for overcoming the presumption for occupational diseases in La.Rev.Stat. 23:1031(D) changed from "overwhelming preponderance of the evidence" to "preponderance of evidence." *See* La.Rev.Stat. 23:1031.1(D) (amended by Acts 2001, No. 1189, § 1, eff. June 29, 2001). The *O'Regan* decision turned on the premise that in order for the "plaintiff's injury to be 'compensable' under the Act, she must prove by an overwhelming preponderance of the evidence that she contracted her injuries in the course of and arising out of her employment." *O'Regan,* 758 So.2d at 139. Since the burden is now simply preponderance of the evidence, the *O'Regan* decision is not applicable to the instant case. We must now determine whether plaintiffs can recover from Ducote under the intentional tort exception to the Act.

### 3. Intentional Tort Claims

Section 23:1032(B) carves out an exception to an employer's immunity from tort actions under the Act: "Nothing in this chapter shall affect the liability of the employer ... resulting from an intentional act." La.Rev.Stat. § 23:1032(B). The district court in *Mclin v. H&H Lure Co.* stated that "[t]his immunity from tort actions, however, does not apply when the

employee's injuries are the result of an intentional act." 102 F.Supp.2d 341, 343 (M.D.La.2000) (citing *Charkhian v. Nat'l Env't Testing, Inc.,* 907 F.Supp. 961 (M.D.La.1995)).

■ In interpreting intent within the context of the Act, the Louisiana Supreme Court stated that "[t]he meaning of 'intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of the result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich,* 397 So.2d 475, 481 (La.1981). "The substantially certain test is satisfied when an employer *consciously* subjects an employee to a hazardous or defective work environment where injury to the employee is *nearly inevitable*—that is, injury is 'almost certain' or 'virtually sure' to occur or is incapable of being avoided." *Guillory v. Domtar Indus. Inc.,* 95 F.3d 1320, 1327 (5th Cir.1996) (citing *Kent v. Jomac Products, Inc.,* 542 So.2d 99, 100 (La.App. 1st Cir.1989)). Moreover, in *Reeves v. Structural Preservation Sys.,* the Louisiana Supreme Court also addressed the meaning of "substantially certain": "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." 731 So.2d 208, 212 (La.1999). " '[S]ubstantial certainty' requires more that a reasonable probability. The injury must be inevitable; the injury causing event must be incapable of failing." *Abney v. Exxon Corp.,* 755 So.2d 283, 288 (La.App. 1 Cir.1999). Furthermore, courts have cautioned that the intentional tort exception should be narrowly construed, holding that mere knowledge and appreciation of a risk does not consti-

tute intent. *See Guillory v. Olin Corp.*, 745 So.2d 713, 716 (La.App. 3 Cir.1999), *writ denied*, 754 So.2d 968 (La.2000). Additionally, reckless or wanton conduct, gross negligence, disregard of OSHA safety regulations, the failure to use safety equipment, or the failure to correct unsafe working conditions by an employer does not amount to intentional wrongdoing. *See id.*

Louisiana courts have held that the following acts do not fall within the intentional act exception: (1) an employer's knowledge as to allegedly poor condition of tires where injury was possible or even likely to occur, *Verret v. State Farm Mut. Auto. Ins. Co.*, 759 So.2d 115, 124 (La.App. 3 Cir.2000), *writ denied*, 760 So.2d 1159 (La. 2000); (2) knowledge by an employer that it utilizes hazardous chemicals and that there is a potential in the work place for accidental discharge of those products, *Bourque v. Nan Ya Plastics Corp.*, 906 F.Supp. 348, 352 (M.D.La.1995); (3) allegations of failure to provide a safe place to work, *Hood v. South Louisiana Med. Ctr.*, 517 So.2d 469, 471 (La.App. 1 Cir.1987); (4) poorly designed machinery and failure to follow OSHA safety provisions, *Cortez v. Hooker Chemical & Plastics Corp.*, 402 So.2d 249, 250–51 (La.App. 4 Cir.1981); (5) failure to provide requested safety equipment, *Jacobsen v. Southeast Distribs., Inc.*, 413 So.2d 995, 997–98 (La.App. 4 Cir.1982), *writ denied*, 415 So.2d 953 (La. 1982); and (6) failure to correct unsafe working conditions, *Dycus v. Martin Marietta Corp.*, 568 So.2d 592, 594 (La.App. 4 Cir.1990), *writ denied*, 571 So.2d 649 (La. 1990).

■ Here, plaintiffs allege a litany of acts by Ducote that they believe are intentional. However, none of the acts meet the "consciously desire" or "substantially certain" test for intentional acts. *See Abney*, 755 So.2d at 288 (finding that "[t]he exception is designed for acts which are intentional, not for acts which are wanton or reckless or careless or grossly negligent"). The record reflects no evidence beyond conclusory allegations to demonstrate how this case falls within the narrow exception. *See Bourque*, 906 F.Supp. at 354 (stating that "Federal district courts are not bound by conclusory allegations of 'intentional tort' on federal motions to remand"). We find no reasonable basis that a fact finder would conclude that Ducote's acts constitute "intent" under the intentional act exception. Since the Act bars plaintiffs from recovering against Ducote in tort, we find there is no possibility for recovery against Ducote based on the facts of this case.

### D. *Awarding Attorney's Fees, Costs and Expenses*

Plaintiffs have put forth no compelling reason or evidence to support their motion for the award of attorney's fees, costs and expenses. Accordingly, such motion is denied.

### III. CONCLUSION

Following the standards set forth by Louisiana case law and relevant statutes, this court concludes that plaintiffs' allegations and evidence are insufficient to allow a fact finder to conclude that Ashford and Ducote can be found liable under Louisiana law. Ashford and Ducote therefore, are not proper parties to this lawsuit and must be dismissed. The remaining parties to this lawsuit are diverse and the amount in controversy exceeds the jurisdictional requirement. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

For the foregoing reasons, plaintiffs' motion to remand is DENIED. Plaintiffs' motion for payment of attorney's fees, costs, and expenses is also DENIED.

Furthermore, plaintiffs' claims against defendants Ashford and Ducote are DISMISSED.